UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANH NGUYEN-HUU,<br><br>                     Petitioner,<br><br>   v.<br><br>CHRISTOPHER LAROSE, *et al.*,<br><br>                     Respondents. | Case No. 24-cv-01649-BAS-SBC<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

      Petitioner Thanh Nguyen-Huu filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking release from U.S. Immigration and Customs Enforcement custody. (ECF No. 1.) Petitioner was subsequently released under an order of supervision on October 1, 2024. (ECF No. 6 at 1.) On December 12, 2024, the Court issued an Order to Show Cause ("OSC"), directing Petitioner to explain why the case should not be dismissed as moot. (ECF No. 7.) The deadline to respond was December 30, 2024. *Id.* On December 23, 2024, the OSC mailed to Petitioner was returned as undeliverable. (ECF No. 8.) Petitioner has not responded or otherwise communicated with the Court since noticing the Court of a change of address on September 23, 2024. (ECF No. 3.)

      District courts have inherent authority to manage their dockets, including dismissing cases for failure to prosecute or comply with court orders. *See Ferdik v. Bonzelet*, 963 F.2d

1258, 1260 (9th Cir. 1992). This inherent power exists independently of a district court's authority to dismiss an action under Federal Rule of Civil Procedure 41(b). *Link v. Wabash R.R.*, 370 U.S. 626, 630–32 (1962). "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260.

The circumstances in which a court may exercise its inherent power to dismiss an action include where a plaintiff has failed to prosecute the case, failed to comply with a court order, or engaged in judge shopping. *Link*, 370 U.S. at 630. In determining whether to exercise this power, the district court must weigh five factors: (1) the public's interest in expeditious resolution of litigation, (2) the court's docket management needs, (3) the risk of prejudice to defendants, (4) public policy favoring disposition of cases on their merits, and (5) availability of less drastic alternatives. *Ferdik*, 963 F.2d at 1260–61. Although it is preferred, the district court is not required to "make explicit findings in order to show that it has considered these factors." *Id.* at 1261.

Here, Petitioner has failed to notify the Court as to his current address within 60 days of the return of mail directed to him by the Clerk. (ECF No. 8.) As a result, under Civ. L.R. 83.11(b), the Court has the discretion to dismiss this action without prejudice for failure to prosecute. Having weighed the appropriate factors, the Court concludes that dismissing this case is warranted. *See Ferdik*, 963 F.2d at 1260–61.

Accordingly, the Court **DISMISSES** this action **WITHOUT PREJUDICE**. The Clerk of the Court shall enter judgment accordingly and close the case.

**IT IS SO ORDERED.**

**DATED: March 4, 2025**

Hon. Cynthia Bashant, Chief Judge
United States District Court